956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionel OLIPHANT, a/k/a Kevin Brooks, a/k/a Lionel Petis
Oliphant, a/k/a Lionel Benis Oliphant, Defendant-Appellant.
 No. 91-5344.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-91-40)
 Linda S. Chapman, Robert Stanley Powell, Powell & Colton, Alexandria, Va., for appellant.
 Richard Cullen, United States Attorney, Marcus J. Davis, Special Assistant United States Attorney, Emmett L. Fleming, Jr., Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lionel Oliphant was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (West Supp.1991). He appeals the sentence imposed on the ground that the district court erred in finding him a leader in the offense and, as a result, giving him a two-point increase in offense level. See United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1990). We affirm.
 
 
 2
 The determination that a defendant was an organizer or leader in the offense is a factual question and is therefore reviewable under the clearly erroneous standard of review. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S.1990). The evidence at trial was that Oliphant, a Maryland resident and convicted felon, had persuaded Wayne Cave, an acquaintance who had a Virginia driver's license, to buy a gun for him at a gun shop in Virginia. Oliphant told Cave he wanted the gun to protect his wife and child, and promised to pay Cave $200 if he would buy the gun for Oliphant. Although Cave advised Oliphant to get a .25 caliber automatic pistol, Oliphant picked out a 9 mm semiautomatic pistol. Oliphant gave Cave the money to buy the gun, and Cave signed the necessary papers. On these facts, the district court's finding that Oliphant was an instigator and leader in the offense is not clearly erroneous. We think that Oliphant was guilty of "the recruitment of [an] accomplice[ ]" under Application Note 3 to § 3B1.1(c).
 
 
 3
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.